UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GRETCHEN FELLER, M.D. and
GRETCHEN FELLER, M.D., P.C.,

        Plaintiffs,                    Civil Case No. 13-14193
                                                   Honorable Patrick J. Duggan
v.

THE MEDICAL PROTECTIVE COMPANY
and LINDA JONES-BARDEN,

        Defendants.
_____/

**OPINION AND ORDER (1) DENYING PLAINTIFFS' MOTION TO REMAND TO STATE COURT AND TO DISMISS COUNTERCLAIM AND (2) *SUA SPONTE* DISMISSING DEFENDANT LINDA JONES-BARDEN AS A DEFENDANT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 21**

This declaratory judgment action arises from a medical malpractice lawsuit that Linda Jones-Barden ("Jones-Barden") filed against Gretchen Feller, M.D. ("Dr. Feller") and Gretchen Feller, M.D., P.C. ("the practice") (collectively "Plaintiffs") in the Circuit Court for Monroe County, Michigan on March 12, 2013 (hereafter the "underlying case"). Plaintiffs responded by initiating this action in state court on September 17, 2013 against the Medical Protective Company ("Med Pro") and Jones-Barden. Plaintiffs seek a declaration that Med Pro must defend and indemnify Plaintiffs in the underlying case. On October 2, 2013, Med Pro

removed Plaintiffs' Complaint to federal court on the basis of diversity jurisdiction, 28 U.S.C. § 1332.

Although acknowledging that Plaintiffs and Jones-Barden are citizens of Michigan (*see* Compl. ¶¶ 8-10), Med Pro asserts in its notice of removal that Jones-Barden's citizenship should be ignored for diversity purposes because she has been fraudulently joined. Disagreeing, Plaintiffs filed the pending motion to remand the action to state court on October 24, 2013. (ECF No. 5.) In the motion, Plaintiffs additionally ask the Court to dismiss Med Pro's Counter-Complaint in which Med Pro similarly seeks a declaration concerning coverage in the underlying case under the federal Declaratory Judgment Act. Plaintiffs argue that Med Pro's counterclaim should be dismissed because "it does not create diversity (removal) jurisdiction." (*Id.* ¶ 35.) Plaintiffs' motion has been fully briefed and the Court held a motion hearing on January 23, 2014. With leave of the Court, Plaintiffs filed a supplemental brief in support of their motion on January 29, 2014. Med-Pro filed a response on February 3, 2014. For the reasons that follow, the Court denies the motion and *sua sponte* dismisses Jones-Barden as a defendant.

**I.     Background**

Dr. Feller is a licensed Michigan physician. (Compl. ¶ 8.) She provides surgical services to patients at the practice in Monroe County, Michigan. (*Id.*

¶ 18.) The practice is a Michigan professional corporation with its principal place of business in Monroe, Michigan. (*Id.* ¶¶ 8-9.) Jones-Barden, one of Dr. Feller's former patients, is a Michigan resident. (*Id.* ¶ 7.)

Med Pro is an Indiana corporation with its principal place of business in Fort Wayne, Indiana. (ECF No. 1 ¶ 5.) Med Pro issued a professional liability insurance policy to Plaintiffs that was effective from February 1, 2012 through February 1, 2013 ("Med Pro Policy"). (*Id.* at Pg ID 41-82.) At Dr. Feller's request, however, the Med Pro Policy was cancelled effective January 1, 2013. (Compl. ¶ 21.) Dr. Feller cancelled the policy because she purchased professional liability insurance coverage from a different carrier, Professional Solutions Insurance Company ("PSIC"). (*Id.*)

On March 12, 2013, Jones-Barden filed the underlying case alleging medical malpractice by Plaintiffs and Mercy Memorial Health System. (Compl. Ex. A.) Plaintiffs reported the lawsuit to PSIC, which denied coverage under a reservation of rights letter and then filed a declaratory judgment action against Plaintiffs on March 15, 2013 in the Circuit Court for Monroe County, Michigan. (Compl. ¶¶ 27-29.) Plaintiffs thereafter initiated the pending action asserting three counts: (I) demand for declaratory relief against Med Pro and Jones-Barden; (II) breach of contract as to Med Pro only; (III) promissory estoppel as to Med Pro only; and (IV)

unjust enrichment as to Med Pro only.  In Count I, as indicated earlier, Plaintiffs seek a declaration concerning Med Pro's duty to defend and indemnify Plaintiffs in the underlying case.  (*Id.* ¶¶ 37-57.)

## II.     Applicable Standard

Removal of an action based on diversity jurisdiction is proper only where complete diversity exists at the time of removal, that is, when all parties on one side of the litigation are of a different citizenship from all parties on the other side of the litigation.  *Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 492 (6th Cir. 1999).  The party removing the action to federal court bears the burden of establishing diversity jurisdiction.  *Certain Interested Underwriters at Lloyd's London England v. Layne*, 26 F.3d 39, 41 (6th Cir. 1994).

A plaintiff's fraudulent joinder of a non-diverse defendant will not defeat removal on diversity grounds.  *Alexander v. Elec. Data Sys. Corp.*, 13 F.3d 940, 949 (6th Cir. 1994).  It is the removing party's burden to demonstrate fraudulent joinder, *id.*, and this burden has been described as " 'a heavy one.' "  *Walker v. Philip Morris USA, Inc.*, 443 F. App'x 946, 953 (6th Cir. 2011) (unpublished op.) (quoting *Travis v. Irby*, 326 F.3d 644, 649 (5th Cir. 2003)).  The removing party must demonstrate that the plaintiff lacks a "colorable cause of action" under state law against the non-diverse defendant.  *Jerome-Duncan, Inc. v. Auto-By-Tel, LLC*,

176 F.3d 904, 907 (6th Cir. 1999). As alternatively described, " 'the question is whether there is arguably a reasonable basis for predicting that the state law might impose liability on the facts involved.' " *Alexander*, 13 F.3d at 949 (quoting *Bobby Jones Garden Apts., Inc. v. Suleski*, 391 F.2d 172, 176 (5th Cir. 1968)).

The Sixth Circuit has described two methods for determining whether the plaintiff states a colorable claim against the non-diverse party:

> "The court may conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant. Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder. That said, there are cases, hopefully few in number, in which a plaintiff has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder. In such cases, the district court may, *in its discretion*, pierce the pleadings and conduct a summary inquiry."

*Walker*, 443 F. App'x at 952-53 (emphasis added) (quoting *Smallwood v. Illinois Cent. R.R. Co.*, 385 F.3d 568, 573 (2004) (en banc)). Regardless of which approach the district court chooses to follow, its analysis is similar to that employed when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6): the court "must resolve 'all disputed questions of fact and ambiguities in the controlling . . . state law in favor of the non-removing party.'" *Coyne*, 183 F.3d at 493 (quoting *Alexander*, 13 F.3d at 949).

Nevertheless, the standard for determining whether a non-diverse party has

been fraudulently joined is not the same standard for addressing either dismissal for failure to state a claim or for summary judgment. *See In re Briscoe*, 448 F.3d 201, 219 (3d Cir. 2006). The removing party has a higher burden to demonstrate fraudulent joinder than a party has to succeed on a motion to dismiss under Rule 12(b)(6). *See Little v. Purdue Pharma, L.P.*, 227 F. Supp. 2d 838, 845-46 (S.D. Ohio 2002) (citing *Batoff v. State Farm Ins. Co.*, 977 F.2d 848 (3d Cir.1992) and *Hartley v. CSX Transp., Inc.*, 187 F.3d 422 (4th Cir.1999)). As one district judge in the Sixth Circuit has explained: "[T]he benefit of the doubt given a plaintiff as part of the fraudulent joinder inquiry should be more deferential than even that given under Rule 12(b)(6)" because the decision to deny a "motion for remand where the defendant is claiming fraudulent joinder connotes that a plaintiff's claim, as to the non-diverse defendants, has no basis in law or reason." *Little*, 227 F. Supp. 2d at 846-47; *see also Batoff*, 977 F.2d at 852 (holding that a party is not fraudulently joined if the claims against the party are not "wholly insubstantial and frivolous").

### III.   Analysis

In their motion, Plaintiffs argue that Jones-Barden is properly joined as a defendant in this action because "[i]t is well settled under Michigan law that an injured party has a substantial interest in the insurance policy of an insured defendant and thus the injured party has a legitimate interest in litigating the

coverage of that policy." (ECF No. 5 ¶ 21.) For support, Plaintiffs cite *Allstate Insurance Company v. Hayes*, 442 Mich. 56, 499 N.W.2d 743 (1993), and *Cloud v. Vance*, 97 Mich. App. 446, 296 N.W.2d 68 (1980). Plaintiffs further assert that Jones-Barden is a "necessary party" to this action under Michigan Court Rule 2.205 because "[h]er presence . . . is essential to permit a court to render complete relief." (*Id.* ¶ 25.) Plaintiffs attempt a new tactic in their supplemental brief in support of their motion to remand, arguing that the Court should decline to exercise its discretion under the Declaratory Judgment Act.

As an initial matter, this last argument raised by Plaintiffs does not support their motion to remand. The relevant question in deciding whether to grant Plaintiffs' motion is whether this Court has subject matter jurisdiction over their Complaint. The decision whether to exercise that jurisdiction is a completely separate issue. Moreover, the case law Plaintiffs cite relate to a Court's discretion to decide a claim brought under the federal Declaratory Judgment Act. Plaintiffs' Complaint does not assert a cause of action under federal law. Moreover, even if Plaintiffs' argument applied to their state law declaratory judgment claim, they allege other causes of action in their Complaint to which their argument does not apply. In other words, once this Court has subject matter jurisdiction, it does not have the discretion to choose not to address those claims.

Turning to Plaintiffs' other arguments, this Court finds that Jones-Barden may in fact have an interest– and even a " 'substantial interest' "– in the subject of this litigation. *See Cloud*, 97 Mich. App. at 450, 296 Mich. App. at 69 (quoting *Flanagan v. Harder*, 270 Mich. 288, 258 N.W. 633 (1935) (stating that an injured plaintiff has a "substantial interest in [a defendant's insurance] policy")). Nevertheless, Med Pro has satisfied its heavy burden of showing that Plaintiffs have not stated a colorable claim *against her*. There is no reasonable basis for finding Jones-Barden liable to Plaintiffs under the facts alleged in Plaintiffs' Complaint. Plaintiffs, in fact, seek no relief from Jones-Barden. They seek relief as to Med Pro only. While this relief may have some impact on Jones-Barden in that it will determine where she can recover any damages awarded in the underlying case (if she prevails), the cases Plaintiffs cite do not establish that she must necessarily be joined as a defendant to enable the court to render Plaintiffs the complete relief they seek. *See* MCR 2.205(A) (providing that "persons having such interests in the subject matter of an action that their presence in the action is essential to permit the court to render complete relief must be made parties and aligned as plaintiffs or defendants in accordance with their respective interests.").

In *Cloud*, the Michigan Court of Appeals decided whether a default judgment obtained by an insurance company in an action against its insured is

8

binding on an injured party who was not given notice of the action or an opportunity to intervene and be heard. 97 Mich. App. at 452, 296 N.W.2d at 70. The court held that the default judgment declaring no coverage was not a valid defense against the injured party. *Id*. The court simply found the third prerequisite for application of the doctrine of *res judicata* missing: that "the two actions must be between the same parties or their privies." *Id*. at 451, 296 N.W.2d at 69-70 (additional quotation marks and citation omitted).

The *Cloud* court's decision in no way suggests that an insured (or even an insurance company) must join an injured party in an action seeking a declaratory judgment regarding coverage. As to the insurance company, the failure to notify the injured party of the litigation or name it as a party may prevent the insurance company from using a declaratory judgment in its favor as a defense if the injured party ultimately prevails and turns to the insurance company to satisfy the damage award. Nevertheless, even in the injured party's absence, the court can declare the rights and other legal relations of the parties before it and that declaration is binding on those parties.

In *Hayes*, the Michigan Supreme Court addressed the issue of whether a court loses the power to declare the rights and liabilities of the insurer and injured party in an action for declaratory judgment brought by an insurance company

9

against the insured and the injured party, where the insured has defaulted. 442 Mich. at 57, 499 N.W.2d at 743. The Court held that the trial court does not, stating:

> We now hold that once Allstate began its action for declaratory judgment and alleged that an actual controversy existed between itself and its insured and Keillor [the injured party], the trial court could declare the rights and responsibilities of all interested parties before it. This power was not destroyed by virtue of the default judgment entered against the insured. Although the court might have refused to declare the rights of the remaining parties, leaving Keillor to pursue the underlying tort action and, if successful, a garnishment action against Allstate, it was within its discretion to allow the action to continue and declare the rights of the parties remaining before it.

*Id*. at 61, 499 N.W.2d at 745 (footnote omitted). Again, this holding does not suggest that Plaintiffs have a colorable claim against Jones-Barden or that they had to name her as a defendant to their declaratory judgment action. If anything, the Michigan Supreme Court's decision suggests that, if named, Jones-Barden's interests would be aligned with Plaintiffs. Diversity jurisdiction would then still exist.

For these reasons, the Court concludes that Jones-Barden's citizenship should be ignored when determining whether diversity jurisdiction exists. It does. Thus Plaintiffs' Complaint need not be remanded to state court. There is no basis stated in Plaintiffs' motion for dismissing Med Pro's Counter-Complaint.

Sixth Circuit precedent instructs that before adjudicating Plaintiffs' Complaint and Med Pro's Counter-Complaint, this Court must remove Jones-Barden as a party. *See Yuille v. American Home Mortgage Servs., Inc.*, 483 F. App'x 132, 134 n.1 (6th Cir. 2012) (finding that the court exceeded its jurisdiction by adjudicating the defendants' motions for summary judgment where a non-diverse defendant was not dismissed from the lawsuit after the court concluded that the plaintiff lacked standing to sue that defendant); *Probus v. Charter Commc'ns, LLC*, 234 F. App'x 404 (6th Cir. 2007) (vacating district court's summary judgment decision where the court did not *sua sponte* assess the removing party's claim that a non-diverse defendant was fraudulently joined prior to adjudicating the matter). In *Yuille*, the Sixth Circuit instructed that the district court should have dropped the non-diverse defendant as a party pursuant to Federal Rule of Civil Procedure 21 after finding that the plaintiff could not state a claim against that defendant. 483 Fed. App'x at 134 n.1. Rule 21 provides in part that "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21. The Court therefore is dropping Jones-Barden as a defendant.[1]

---

[1] Alternatively, perhaps, the Court could realign the parties as Med-Pro suggests. There seems to be no benefit in doing so, however. Jones-Barden has never responded to Plaintiffs' lawsuit and no attorney has entered his or her appearance on her behalf in this lawsuit.

Accordingly,

**IT IS ORDERED**, that Plaintiffs' motion to remand to state court and to dismiss counterclaim is **DENIED**;

**IT IS FURTHER ORDERED**, that the Court drops Linda Jones-Barden as a defendant pursuant to Federal Rule of Civil Procedure 21 and she is **DISMISSED AS A PARTY** to this lawsuit.

Dated: February 4, 2014         s/PATRICK J. DUGGAN
                                UNITED STATES DISTRICT JUDGE

Copies to:
Clyde M. Metzger, Esq.
Adam A. Fadly, Esq.
Patrick E. Winters, Esq.
Jeffrey S. Cook. Esq.