UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GRETCHEN FELLER, M.D. and
GRETCHEN FELLER, M.D., P.C.,

        Plaintiffs,
                                          Civil Action No.
vs.                                                               13-CV-14193

THE MEDICAL PROTECTIVE                        Honorable Patrick J. Duggan
COMPANY,

        Defendant.
_____/

**OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS AND DENYING AS MOOT DEFENDANT'S MOTION TO STRIKE PLAINTIFFS' APRIL 16, 2014 SUPPLEMENTAL BRIEF**

**I.  INTRODUCTION**

       This is an insurance coverage dispute.  The insured, Plaintiffs Gretchen Feller, M.D. and Gretchen Feller, M.D., P.C., seek a declaration that their former medical malpractice insurance carrier, Defendant The Medical Protective Company ("Med Pro"), has a duty to defend and indemnify them under the terms of the parties' insurance policy ("Med Pro Policy") in connection with a separate lawsuit filed by a third party against Plaintiffs.  Plaintiffs allege that Med Pro's failure to defend and indemnify them constitutes a breach of the Med Pro Policy.  Med Pro has filed a counter-complaint against Plaintiffs, seeking a declaration that there is no coverage under the Med Pro Policy.

       Presently before the Court is Med Pro's motion for judgment on the pleadings, filed pursuant to Federal Rule of Civil Procedure 12(c) on February 11, 2014.  The motion has been fully briefed, and supplemental briefs have been filed.  Upon review of the parties' submissions,

the Court concludes that oral argument would not aid the decisional process. *See* E.D. Mich. LR 7.1(f)(2). For the reasons that follow, the Court will deny Med Pro's motion for judgment on the pleadings and deny as moot Med Pro's motion to strike the supplemental brief filed by Plaintiffs on April 16, 2014.

## II. BACKGROUND[1]

Plaintiff Gretchen Feller, M.D. is a licensed Michigan physician who provides surgical services to patients at Gretchen Feller, M.D., P.C. in Monroe County, Michigan. Linda Jones-Barden is a former patient of Dr. Feller who, in a separate lawsuit filed on March 12, 2013, has sued Dr. Feller for medical malpractice.

On August 30, 2012, counsel for Jones-Barden sent a document entitled "notice of intent to file claim pursuant to MCLA 600.2912(B)" to Dr. Feller personally and to her practice, Gretchen M. Feller, M.D., P.C. The notice of intent letter was sent via certified mail with return receipt requested, and was signed for by Michelle Anderson on September 26, 2012. The document is eight single-spaced pages, and recounts in detail Jones-Barden's treatment history with Dr. Feller and explains the basis for Jones-Barden's medical malpractice claim against Dr. Feller.

Dr. Feller did not notify Med Pro, her medical malpractice insurance carrier at one time, of Jones-Barden's claim until March 27, 2013, about two weeks after Jones-Barden filed her medical malpractice lawsuit against Dr. Feller. According to the complaint in this matter, Dr. Feller's receipt of the complaint in the medical malpractice lawsuit was "the first time Dr. Feller gained knowledge of a 'potential claim' or 'claim' by Linda Jones-Barden" and Dr. Feller "had no knowledge of the [notice of intent letter]" and thus "could not report [it] to [Med Pro] because

---

[1] Because the relevant background of the case is not in dispute, the Court dispenses with citations to the record.

2

she reasonably did not know of its existence and only discovered Jones-Barden's claim when the [medical malpractice] complaint . . . was filed and served on Dr. Feller." Dkt. 1-1 (Page ID 15).

Med Pro issued a professional liability insurance policy to Plaintiffs that was effective from February 1, 2012 through February 1, 2013. At Dr. Feller's request, however, the Med Pro Policy was cancelled effective January 1, 2013. Dr. Feller cancelled the policy because she purchased professional liability insurance coverage from a different carrier.

According to the Declarations page of the Med Pro Policy, the policy provides "claims-made coverage." Dkt. 2-2 (Page ID 238). In fact, the title of the policy is "**CLAIMS MADE POLICY**." Dkt. 2-2 (Page ID 239). The declarations provide:

> Except as may be otherwise provided herein, the specified coverage of this insurance is limited generally to liability for injuries for which claims are first made against the insured while the insurance is in force and arising out of professional incidents that first occurred on or after the applicable retroactive date [which is February 1, 2007].

Dkt. 2-2 (Page ID 238). An endorsement to the Med Pro Policy sets forth additional terms of coverage:

> In consideration of the payment of the premium . . . the Company hereby agrees to defend and pay damages, in the name and on behalf of the Insured . . . ,
>
> A.    In any claim first made, or potential claim first brought to the Insured's attention, during the term of this policy based upon professional services rendered, or which should have been rendered, after the retroactive date by the Insured, or any other person for whose acts or omissions the Insured is legally responsible, in the practice of the Insured's profession as hereinafter limited and defined.
>
> However, the Company shall have no duty to defend or pay damages:
>
> 1.    on a claim unless it was reported to the Company during the term of this policy or thirty (30) days thereafter.
> 2.    on a potential claim unless it was reported to the Company during the term of this policy . . .

Dkt. 2-2 (Page ID 258).

3

Dr. Feller requested that Med Pro provide coverage under the Med Pro Policy in connection Jones-Barden's medical malpractice lawsuit. However, Med Pro declined coverage because Dr. Feller failed to report the claim or potential claim against her to Med Pro during the life of the policy or within thirty days thereafter, in contravention of the provision of the endorsement providing that Med Pro "shall have no duty to defend or pay damages . . . on a claim unless it was reported to [Med Pro] during the term of this policy or thirty (30) days thereafter."

Plaintiffs thereafter initiated the present action against Med Pro in the state court, and the matter was subsequently removed. The issue in this declaratory judgment action is whether Med Pro properly denied coverage for the medical malpractice lawsuit filed by Jones-Barden. On February 11, 2014, Med Pro filed the present motion for judgment on the pleadings. The matter is fully briefed. In addition, Plaintiffs filed a sur-reply, to which Med Pro responded. Plaintiffs also filed a supplemental brief in order to present an affidavit from Dr. Feller on the issue whether she knew of a "potential claim" and/or "claim" against her during the term of the Med Pro Policy. Med Pro has filed a motion asking the Court to strike Plaintiffs' supplemental filing.

### III. STANDARD GOVERNING MOTIONS FOR JUDGMENT ON THE PLEADINGS

A motion for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure is subject to the same standards of review as a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted. *Grindstaff v. Green*, 133 F.3d 416, 421 (6th Cir. 1998). A motion to dismiss pursuant to Rule 12(b)(6) tests the legal sufficiency of the complaint. *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir. 1996).

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." To survive a motion to dismiss, a complaint need not contain "detailed factual allegations," but it must contain more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action . . ." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65 (2007). A complaint does not "suffice if it tenders 'naked assertions' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 557, 127 S. Ct at 1966).

As the Supreme Court provided in *Iqbal* and *Twombly*, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570, 127 S. Ct. at 1974). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556, 127 S. Ct. at 1965). The plausibility standard "does not impose a probability requirement at the pleading stage; it simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of illegal [conduct]." *Twombly*, 550 U.S. at 556, 127 S. Ct. at 1965.

In deciding whether the plaintiff has set forth a "plausible" claim, the court must accept the factual allegations in the complaint as true. *Id.*; *see also Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200 (2007). This presumption, however, is not applicable to legal conclusions. *Iqbal*, 556 U.S. at 668, 129 S. Ct. at 1949. Therefore, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1965-66). Although a court ruling on a Rule 12(b)(6) motion

5

"primarily considers the allegations in the complaint," matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint may also be considered. *Amini v. Oberlin Coll.*, 259 F.3d 493, 502 (6th Cir. 2001) (citation omitted).

### IV. ANALYSIS

In its motion, Med Pro argues that the Med Pro Policy is a "claims made and reported" insurance policy that only provides coverage for claims made against the insured during the policy period *and* reported to the insurer during the policy period or thirty days thereafter. Because it is undisputed that Plaintiffs did not report Jones-Barden's claim until more than thirty days after the Med Pro Policy expired, Med Pro argues that coverage is not available under the policy.

Plaintiffs do not dispute that coverage is unavailable under the terms of the Med Pro Policy, but they argue that the mandatory provisions of Michigan's Insurance Code – specifically, Michigan Compiled Laws § 500.3008 – must be read into the policy. Under § 500.3008, a failure of the insured to give notice of a claim to the insurer pursuant to the requirements of a casualty insurance contract is excused "if it shall be shown not to have been reasonably possible to give such notice within the prescribed time and that notice was given as soon as was reasonably possible." Plaintiffs argue that because they pled in their complaint that they could not have reasonably given notice of Jones-Barden's claim to Med Pro within the life of the policy or thirty days thereafter, § 500.3008 potentially applies to excuse the lack of notice and, accordingly, Med Pro's motion for judgment on the pleadings should be denied.

The issue that the Court must decide boils down to whether § 500.3008 applies to the type of insurance policy involved in this case. The seminal case on point is *Stine v. Continental*

6

*Casualty Company*, 419 Mich. 89, 349 N.W.2d 127 (1984).  The policy in *Stine* contained the following provision:

> The insurance afforded by this policy applies to errors, omissions or negligent acts which occur on or after the date stated in item 6 of the declarations . . . provided that claim therefor is first made against the insured during this policy period and reported in writing to the Company during this policy period or within 60 days after the expiration of this policy period.

419 Mich. at 94, 349 N.W.2d at 129.  Thus, the coverage language in *Stine* is materially similar to the coverage language of the present policy; under both policies, coverage is provided for claims first made by the injured party to the insured while the insurance is in force and reported to the insurer within the life of the policy or within a specified number of days thereafter.

However, the *Stine* Court held that § 500.3008 was not applicable on the facts of that case because it was undisputed that the injured party did not report the claim to the insured within the allowable time frame (*i.e.*, during the policy period).  The Court held that § 500.3008 applies only to potentially excuse the *insured's* failure to give timely notice of the claim to the *insurer*:

> By its terms, § 3008 deals with a liability insurance policy's *notice* provision – notice by the *insured to the insurer* of the occurrence of an event causing liability – and does not apply to the insuring agreement portion of the policy which establishes the essential terms for liability and declares that what is covered is a claim which is made against the *insured* during the life of the policy.  The notice to which § 3008 speaks, as applied to a "claims made" policy, is the notice by the insured to the insurer that a claim against the insured has been made during the period of coverage, which is during the policy period.

419 Mich. at 105, 349 N.W.2d at 134 (emphasis in original).  The insured in *Stine* was attempting to use § 500.3008 to essentially create a new and different insurance policy – one that provides coverage for a claim that was not contemplated under the policy:

> In essence, in a "claims made" policy, the event causing liability is a third party making a claim upon an insured.  True, the insured is indemnified for loss from errors, omissions, or negligent acts he may have committed earlier, but the provision of the insuring agreement which is critical to establishing liability in

7

such policies is the time at which the injured third person's claim is made against the insured.

*Id.* Because the injured third person in *Stine* did not make a claim against the insured within the allowable time, § 500.3008 was deemed inapplicable on the facts of *Stine*.

The present case is distinguishable from *Stine*. Critically, it is undisputed in the present case that Jones-Barden notified Dr. Feller of the claim during the life of the policy, as required under the Med Pro Policy. In contrast, it was undisputed in *Stine* that the injured third party did not report the claim to the insured within the allowable time framework. This factual difference is the critical reason why § 500.3008 applies in the present case but did not apply in *Stine*. Here, Jones-Barden notified Dr. Feller of the claim within the life of the Med Pro Policy, but Dr. Feller did not report the claim to Med Pro until after the expiration of the policy. Under *Stine*, § 500.3008 applies to potentially excuse Dr. Feller's failure to timely notify Med Pro of the claim. The *Stine* Court noted, in dicta, that § 500.3008 is applicable in cases exactly like the present one:

> Section 3008 would be applicable in a "claims made" type of policy, for example, in the situation in which a claim was made against the insured during the policy period, but notice could not reasonably have been given to the insurer within the specified number of days after the policy expired.

419 Mich. at 106-107, 349 N.W.2d at 134. Whether the statute actually applies in this case to excuse Dr. Feller's failure to timely report the claim to Med Pro (*i.e.*, whether Dr. Feller can ultimately show that it was not reasonably possible to give timely notice to Med Pro and that she gave notice as soon as was reasonably possible) is a question that the parties can ask the Court to resolve, if at all, in the future. For the present purposes, it is enough that Plaintiffs have pled the applicability of § 500.3008 in their complaint.

Med Pro attempts to distinguish the present case from the hypothetical facts presented in the above-quoted *Stine* dicta by arguing that the present case is not only a "claims made" policy (like the one in *Stine*), but also a "claims made *and reported*" policy (unlike the one in *Stine*, according to Med Pro). Focusing on the language in *Stine* that § 500.3008 "does not apply to the insuring agreement portion of the policy which establishes the essential terms for liability," Med Pro argues that the requirement in the Med Pro Policy that Dr. Feller timely notify Med Pro of the claim is actually part of the "essential terms" of the policy, meaning that § 500.3008 cannot excuse noncompliance with the requirement. The argument is unpersuasive because the Med Pro Policy is materially the same as the *Stine* policy language. Thus, if § 500.3008 could potentially excuse the failure of the insured to timely notify the insurer under the language of the *Stine* policy (as the *Stine* dicta suggests), the same is true under the present policy language. The Court notes that the title of the Med Pro Policy, which is found on the first page of the policy in all-caps, italics, and bold is: "***CLAIMS MADE POLICY***." The Court rejects Med Pro's attempt, perhaps induced by the present litigation, to call it otherwise.[2]

Finally, Med Pro has filed a motion asking the Court to strike Plaintiffs' supplemental filing of April 16, 2014, together with the attached affidavit of Dr. Feller. The Court will deny the motion as moot because it has not relied on the supplemental brief or the attached affidavit in this opinion.

## V. CONCLUSION

---

[2] Med Pro relies on *Sigma Financial Corporation v. American International Specialty Lines Insurance Company*, 200 F. Supp. 2d 710, 716 (E.D. Mich. 2002) for the proposition that the notice provision in a claims-made policy (referring to a provision that requires the insured to give timely notice of a claim to the insurer) "is a condition precedent to coverage." However, in making that broad statement, the *Sigma* court did not address or acknowledge the *Stine* Court's discussion of the issue. This Court, sitting in diversity and interpreting a substantive state law issue, is bound by *Stine*, a decision of the Michigan Supreme Court, and not by *Sigma*, a federal district court decision. *See Berrington v. Wal-Mart Stores, Inc.*, 696 F.3d 604, 607-608 (6th Cir. 2012).

For the reasons stated above, Med Pro's motion for judgment on the pleadings is **DENIED**, and Med Pro's motion to strike the supplemental filing of Plaintiffs is **DENIED AS MOOT**.

**SO ORDERED**.

Dated: June 30, 2014					s/PATRICK J. DUGGAN
							UNITED STATES DISTRICT JUDGE

Copies to:

Clyde M. Metzger, Esq.
Patrick E. Winters, Esq.